# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION OF CLA PROPERTIES LLC.

| | |
|---|---|

SHAWN BIDSAL, AN INDIVIDUAL,
Appellant,
vs.
CLA PROPERTIES LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Respondent.

CLA PROPERTIES LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SHAWN BIDSAL, AN INDIVIDUAL,
Respondent.

No. 80427

**FILED**

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

No. 80831

## *ORDER OF AFFIRMANCE*

In these consolidated appeals, appellant/respondent Shawn Bidsal appeals a district court's order confirming an arbitration award and respondent/appellant CLA Properties, LLC, appeals a post-judgment order denying attorney fees. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Bidsal and CLA, the sole owners of a company, executed an operating agreement (the Agreement) which contained a buy-sell provision. When Bidsal offered to buy CLA's membership interest, a dispute arose

22-08571

about the meaning of the buy-sell provision and the parties submitted the matter to arbitration as required by the Agreement. The arbitrator entered a final award in CLA's favor. CLA filed a petition with the district court to confirm the arbitration award and enter judgment, which Bidsal opposed, seeking to vacate the arbitration award. The district court granted CLA's petition and confirmed the award. CLA then moved for post-arbitration attorney fees and costs, which the district court denied. We affirm.[1]

*The district court did not err in confirming the arbitration award*

"The [United States] Supreme Court has made clear that courts have only a limited role to play when the parties have agreed to arbitration." *In re Sussex*, 781 F.3d 1065, 1072 (9th Cir. 2015). "[T]he Federal Arbitration Act (FAA . . . ) establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (internal citation omitted). Sections 9 through 11 of the FAA provide a narrow scope of judicial review of private arbitration awards and decisions. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). Accordingly, an arbitration award may not be vacated on other common-law grounds outside the statutory scheme enacted by Congress. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). One such ground occurs when the arbitrator exceeded his or her powers. 9 U.S.C. § 10(a)(4) (2002). An arbitrator exceeds his powers if he "strays from interpretation and application of the agreement and

---

[1]The parties' agreement incorporates the Federal Arbitration Act (FAA) standards for vacatur but does not specify whether the FAA standards also apply to judicial review of the arbitration award. However, Bidsal and CLA both agree that if judicial review is permitted, the FAA should govern. Thus, we review the district court's confirmation of the arbitration award under the FAA.

effectively dispense[s] his own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (alteration in original) (internal quotation marks omitted). The vacatur standard under the FAA is extremely high. *Sanchez v. Elizondo*, 878 F.3d 1216, 1221 (9th Cir. 2018).

Bidsal's contentions are solely based on his dispute with the arbitrator's interpretation of the Agreement. It is insufficient to merely convince a court that an arbitrator erred because, "[s]o long as the arbitrator was arguably construing the contract[,] . . . a court may not correct his mistakes under [9 U.S.C.] § 10(a)(4)." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013). "The arbitrator's construction holds, however good, bad, or ugly," *id.* at 573, provided the arbitrator does not manifestly disregard the law, *Sanchez*, 878 F.3d at 1223 (stating that an arbitrator manifestly disregards the law when it is "clear from the record that the arbitrator[ ] recognized the applicable law and then ignored it" (quoting *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012)).

Here, the arbitrator determined that, while certain portions of the Agreement were "not a model of clarity," the language of the specific intent paragraph overcame any earlier ambiguities regarding the parties' contractual rights and obligations. The arbitrator recognized that, under normal circumstances and commonly accepted principles of contract law, a counteroffer constitutes a rejection of an offer. Applying that principle of law to the Agreement, the arbitrator determined that the specific intent paragraph operated differently and conferred CLA a corollary right to purchase Bidsal's membership interest after Bidsal offered to buy CLA's interest. We cannot say that the arbitrator's construction of the contract was a manifest disregard of the law. Because both Bidsal and CLA

SUPREME COURT
OF
NEVADA

(O) 1947A

3

bargained for "the arbitrator's construction [of the contract]" by agreeing to arbitration, this court cannot overrule the arbitrator merely because we might interpret the contract differently. *Oxford Health Plans*, 569 U.S. at 573 (alteration in original); *see also News+Media Capital Grp. LLC v. Las Vegas Sun, Inc.*, 137 Nev., Adv. Op. 45, 495 P.3d 108, 116 (2021) (stating that an arbitrator exceeds authority when "there is not even a minimally plausible argument to support the arbitrator's decision"). Therefore, we affirm the district court's confirmation of the arbitration award.

*The district court did not err in denying CLA's motion for attorney fees and costs*

"This court generally reviews a district court's decision awarding or denying costs or attorney fees for an abuse of discretion." *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). "[T]he district court may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006).

CLA argues that the district court abused its discretion by not applying NRS 38.243 as the basis for awarding attorney fees and costs. We disagree. As the district court found, CLA cited to and relied solely on federal law when it filed its petition for confirmation of the arbitration award. Moreover, the parties agree that the FAA governs judicial review of this arbitration award. Because neither the FAA nor the Agreement authorizes an award of post-arbitration attorney fees or costs, we conclude that the district court did not abuse its discretion in denying CLA's motion.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Joanna Kishner, District Judge
       Israel Kunin, Settlement Judge
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Smith & Shapiro, PLLC
       Reisman Sorokac
       Lemons, Grundy & Eisenberg
       Eighth District Court Clerk